UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **DIANE A. PEA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-3182-MLCF-SS** |
| **SOCIAL SECURITY ADMINISTRATION, ET AL.** | |

### REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant, Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), to dismiss the complaint of the plaintiff, Diane A. Pea ("Pea"), pursuant to Fed. R. Civ. P. 12(b)(6). Rec. doc. 6. The Commissioner contends that Pea's complaint was not timely. The Commissioner provided a declaration by Patrick Herbst of the Social Security Administration. Rec. doc. 6-3. Pea submitted a purported November 5, 2004 fax transmittal request to the Appeals Council for an extension of time to file. Rec. doc. 9-3. Neither party requested that the motion to dismiss be treated as a motion for summary judgment. "When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). The Commissioner's motion to dismiss was converted to a motion for summary judgment and the parties were granted additional time to submit anything they believed should be considered on the motion for summary judgment. Rec. doc. 12. Nothing further was submitted.

PROCEDURAL BACKGROUND

On April 24, 2003, an Administrative Law Judge ("ALJ") denied Pea's claim for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1382(c). Rec. doc. 6-3 at p. 3. Pea requested review of the ALJ's decision, but on September 15, 2004 the Appeals Council denied the request. Id. On November 5, 2004, counsel for Pea faxed a handwritten request for an extension of time for Pea to file a complaint for review of the Commissioner's decision denying her claim for benefits. Rec. doc. 9-3. There is no confirmation that the request was received and the Commissioner was unaware of the request. Rec. doc. 6-3 at p. 3. Twenty months later on Monday, November 22, 2004, Pea filed an ex parte motion for leave to proceed in forma pauperis with the Clerk for the Eastern District of Louisiana. Rec. doc. 2. On November 22, 2004 the motion was denied. Rec. doc. 3.

On August 10, 2006, Pea filed the complaint and paid the filing fee. The complaint seeks review of the decision denying her application for SSI benefits. Rec. doc. 1. On October 12, 2006, the Commissioner moved to dismiss the case on the ground that Pea's complaint is not timely. Rec. doc. 6.

ANALYSIS

Pursuant to 42 U.S.C. § 405(g),

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Id. See also 20 C.F.R. § 416.1484. The regulations provide that the date of receipt of a notice of

denial of a request for review shall be presumed to be five days after the date of such notice. 20 C.F.R. § 422.210(c). The sixty-fifth day from the date of the Appeals Council's denial of Pea's request for review was Friday, November 19, 2004. Pea's complaint was not filed until August 10, 2006. The Commissioner contends that it is time barred.

Pea contends that: (1) within the 65 day deadline she sought from the Appeals Council an extension of time to file her complaint; (2) on or before Monday, November 22, 2004, she attempted to file a complaint and but her application to proceed in forma pauperis was denied; (3) the equities lie in favor of tolling; and (4) if tolling is not available, her complaint should be dismissed without prejudice.

The 60 day deadline has been enforced in the circuit under similar circumstances. In Flores v. Sullivan, 945 F.2d 109 (5th Cir. 1991), the Appeals Council mailed a notice denying the request for review to the claimant and indicated that a copy was sent to counsel for the claimant. The claimant did not seek or obtain an extension. The deadline for seeking judicial review was February 24, 1989. The complaint was not filed until March 3, 1989 (only one week late). The claimant argued that the deadline did not begin to run when he received the notice, but instead began to run when his attorney received the notice. The Fifth Circuit held that the deadline began to run on the date the claimant received the notice rather than on the date his attorney received the notice. It also determined that the equitable remedy of tolling was not appropriate.

Although Pea faxed a request for an extension of time to the Appeals Council, there is no evidence the extension was granted. There is no evidence that Pea followed up to confirm receipt of the request. It was faxed on Friday, November 5, 2004. Pea's motion for leave to proceed in

forma pauperis is dated with her signature on Monday, November 8, 2004.  She does not provide any explanation for why it was necessary to delay filing the motion until Monday, November 22, 2004.  The filing of the motion on Monday, November 22, 2004, suggests that Pea was aware that no action was taken on her request for an extension.

On Monday, November 22, 2004, Pea's request for leave to proceed in forma pauperis was denied.  There is no further activity in the case until August 10, 2006, when Pea paid the filing fee and filed the complaint.

Pea contends that the November 19, 2004 deadline was indefinitely tolled because:  (1) the faxed request for an extension which was never acted on; and (2) the motion to proceed in forma pauperis was filed on November 22, 2004.  If equitable tolling was not available to the claimant in Flores, whose complaint was only seven days late, there is no basis for equitable tolling for Pea.  If Pea had acted within a few days of the denial of the motion for leave to proceed in forma pauperis, equitable tolling may have been appropriate.  Where no further action was taken for more than twenty months there is no basis for equitable tolling.  Inasmuch as tolling is not proper, the dismissal should be with prejudice.

IT IS RECOMMENDED that the Commissioner's motion to dismiss converted to motion for summary judgment be (Rec. doc. 6) be GRANTED and Pea's complaint be dismissed with prejudice.

## **OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 267th day of February, 2007.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**